*J. E. Cooper, for appellant.*

*J. R. Botts, for appellee.*

---

### N. B. STEPHENS v. WM. SMITH.

[Abstract Kentucky Law Reporter, Vol. 7—44.]

**Sale of Land Under Decree.**

Where a decree directs the sale of land to be made upon a credit of three months when the statute requires that it must not be less than six months, and the land is sold and bought in by the holder of the judgment, and he entered no objection or exception to the decree or sale and the land sold for more than two-thirds of its appraised value and the debtor is making no objections, the decree will not be held void by reason of the direction to sell upon a credit of three months.

APPEAL FROM KENTON CIRCUIT COURT.

June 9, 1885.

OPINION BY JUDGE HOLT:

At the February term, 1882, of the Kenton Circuit Court, N. B. Stephens obtained a decree against Levi and John Dison for the sale of so much of a small tract of land as might be necessary to pay so much of the purchase money owing for it, as was then due and uncontested.

It was sold to the appellee, William Smith, in October following the court's commissioner, and the sale reported to the February term of 1883. The defendants did not object to the report of sale, but the plaintiff filed various exceptions to it, and this is now a controversy between the creditor and purchaser at the commissioner's sale. It is unncessary to notice all the objections to the report further than to say that as to those not specifically referred to by us, they are either shown by the record not to be true or must be so held upon the presumption that the officer of the court did his duty. It is urged that the value of the portion of the land which was sold is not shown by the report of the sale or definitely by the appraisement of it made after the sale; that the purchaser did not execute a bond conditioned according to the judgment; that the report of the sale fails to identify the land sold with that named in the judgment, and that the decree directed the sale to be made upon a credit of three, when the statute requires that it must not be less than six months.

The last objection is the one now mainly urged. It must be recollected that the debtor and purchaser are not objecting to the sale, and the only ground upon which it can be claimed that the creditor can do so is that the contested portion of his debt, as well as the unmatured installments of purchase money are yet unpaid, and that he has thereupon a right to have the land bring an adequate price.

The appraisement made after the sale of the portion that was sold was filed with the report as a part of it, and it fixes the value at fifty dollars per acre; while the report, the sale bond and the two appraisements returned with it show that the entire tract of 4¾ acres and 14 poles was sold "less 14 poles off the northwest end

thereof." So that the first objection is not well taken, even if it be admitted that the creditor can rely upon it.

The decree directed that the sale bond could be "conditioned for its enforcement by execution, rule or attachment;" whereas, it provides that it "is to have the force and effect of the judgment and replevin bond." This, however, does not prevent its enforcement by rule or attachment. Indeed, in the absence of a statute, the proper method in Chancery of doing so is by attachment; moreover, the appellee is offering to pay his bond.

The description of the land given in the report varies from that in the judgment by one-half a degree, in giving the degrees of the third call, and one-fourth of a degree in giving those of the fourth call; but this is so slight a variation that the maxim Diminimis Non Curat Lex applies. The decree was not void by reason of the direction to sell upon three months' time. The court had jurisdiction; the purchaser has not obtained any unconscientious advantage. The creditor, who is now the party complaining, procured the judgment. He entered no objection or exception to any part of it; had the sale made, at which the land brought over two-thirds its appraised value, and at which time he had ample opportunity to make it bring its full value, and as the debtor was satisfied and the purchaser willing to take the land and pay the price, the lower court properly refused to set aside the sale at the instance of the creditor for the reason presented by him.

Judgment *affirmed*.

*O'Hara & Bryan, for appellant.*

*H. P. Stephens, for appellee.*